**UNITED STATES of America,**
**Appellee,**

v.

**Louis LORENZO, Defendant,**

**Elizabeth LORENZO, Defendant–**
**Appellant.**

**No. 01–1375.**

United States Court of Appeals,
Second Circuit.

Dec. 16, 2002.

Dawn M. Cardi, New York, NY, for Appellant.

Susan Corkery, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

F.I. PARKER, STRAUB, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit,

held at the United States Courthouse, Foley Square, in the City of New York, on the 16th day of December, Two Thousand and Two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendant-appellant Elizabeth Lorenzo appeals from the June 29, 2001 order of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*), convicting her of four counts of making and presenting fraudulent claims against the United States of America in violation of 18 U.S.C. § 287. On appeal, Lorenzo argued that the district court erred in precluding her from offering a duress defense and disallowing expert testimony regarding the effects of her husband's domestic abuse.

The decision whether to allow a defense of duress to be presented is a question of law, *see United States v. Villegas*, 899 F.2d 1324, 1343 (2d Cir.1990), which we review de novo. *United States v. Coriaty*, 300 F.3d 244, 248 (2d Cir.2002). District courts have broad discretion in deciding whether to admit evidence, and we review for abuse of that discretion. *See Raskin v. Wyatt Co.*, 125 F.3d 55, 65–66 (2d Cir. 1997).

 In this circuit, in order to establish a defense of duress, a defendant must show three elements: "(a) at the time the conduct occurred, [s]he was subjected to actual or threatened force, (b) the force or threat was of such a nature as to induce a well-founded fear of impending death or serious bodily harm, and (c) there was no reasonable opportunity to escape from the force or threat other than by engaging in

the otherwise unlawful activity." *United States v. Stevens*, 985 F.2d 1175, 1181 (2d Cir.1993) (internal quotations omitted). An armed police officer whose criminal acts occurred over the course of four years, Ms. Lorenzo did not show a lack of opportunity to escape. Moreover, the evidence she offered failed to document the threat of force at the time of her fraudulent acts, thus she could not make out the necessary prima facie case to avoid preclusion. "Where the evidence to be presented would be insufficient as a matter of law ... no proper interest of the defendant would be served by permitting his legally insufficient evidence to be aired at trial, and interests of judicial economy suggest that the jury should not be burdened with the matter." *Villegas*, 899 F.2d at 1343 (affirming district court exclusion of duress defense). Although it may be appropriate to admit evidence of domestic abuse in support of a duress defense in some circumstances, as noted, Ms. Lorenzo failed to proffer any facts to support her claim that she was acting under duress when she committed the frauds in question. Accordingly, the district court was correct to preclude argument regarding duress and well within its discretion to exclude Ms. Lorenzo's proposed expert testimony.

The judgment of the district court is AFFIRMED.